UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOLAN WILEY, MONICA MELICIA, CATHERINE
POWELL, BENJAMIN ROSS, MEGAN FRICKE, and
ETHAN ALEXANDER

     Plaintiffs,

       Civil Action No.: 1:25-cv-07598

       <u>ANSWER WITH AFFIRMATIVE
       DEFENSES</u>

TOZZER LTD. D/B/A NIAGARA NYC AND LOVERS OF
TODAY, LAPIZZA SHOP, INC., D/B/A 96 TEARS,
BERLIN AND CABIN DOWN BELOW, JOSHUA
YERINGTON A/K/A "JOHNNY T", JESSE MALIN, AND
LAURA MCCARTHY,
Jointly and Severally

      Defendants.

  Defendants, TOZZER LTD. D/B/A NIAGARA & LOVERS OF TODAY[1], LA PIZZA

SHOP INC. D/B/A CABIN DOWN BELOW & 96 TEARS[2], JOSHUA YERLINGTON AKA

"JOHNNY T", JESSE MALIN, and LAURA MCCARTHY (hereinafter "Defendants") by and

through their attorneys, **KAUFMAN BORGEEST & RYAN LLP**, as and for their Answer to

the Plaintiff's Complaint (hereinafter "Complaint"), state and allege as follows:

<u>NATURE OF THE ACTION</u>

  1. The allegations contained in Paragraph 1 of the Complaint set forth legal

conclusions to which no response is required. Defendants refer all questions of law to the Court.

  2. The allegations contained in Paragraph 2 of the Complaint set forth legal

conclusions to which no response is required. Defendants refer all questions of law to the Court.

<u>JURISDICTION AND VENUE</u>

---

[1] Improperly named by Plaintiffs as Tozzer Ltd. D/B/A Niagara NYC and Lovers of Today.
[2] La Pizza Inc. D/B/A 96 Tears, Berlin and Cabin Down Below does not exist.

3.      The allegations contained in Paragraph 3 of the Complaint set forth legal conclusions to which no response is required. Defendants refer all questions of law to the Court.

4.      The allegations contained in Paragraph 4 of the Complaint set forth legal conclusions to which no response is required. Defendants refer all questions of law to the Court.

5.      The allegations contained in Paragraph 5 of the Complaint set forth legal conclusions to which no response is required. Defendants refer all questions of law to the Court.

## THE PARTIES

6.      Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9 of the Complaint.

10.      Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11.      Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12.      Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.      Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.      Defendants deny the allegations in Paragraph 14 and refer all questions of law to the Court.

11608153

15.    Defendants deny the allegations contained in Paragraph 15 of the Complaint and refer all questions of law to the Court.

16.    Defendants admit that Defendant Laura McCarthy is an owner of Defendant Tozzer, LTD and LAPizza Shop Inc., and deny all other allegations contained in Paragraph 16 of the Complaint and refer all questions of law to the Court.

17.    Defendants admit that Defendant Joshua Yerington a/k/a "Johnny T" is an owner of Defendant Tozzer, LTD and LAPizza Shop Inc., and deny all other allegations contained in Paragraph 17 of the Complaint.

18.    Defendants admit that Defendant Jess Malin is an owner of Defendant Tozzer, LTD and LAPizza Shop Inc., and deny all other allegations contained in Paragraph 18 of the Complaint.

19.    Defendants deny the allegations contained in Paragraph 19 of the Complaint and respectfully refers all questions of law to the Court.

20.    Defendants deny the allegations contained in Paragraph 20 of the Complaint and respectfully refers all questions of law to the Court.

21.    Defendants deny the allegations contained in Paragraph 21 of the Complaint and respectfully refer all questions of law to the Court.

## <u>STATEMENT OF FACTS</u>

22.    Defendants admit that Defendant Laura McCarthy, Joshua Yearington a/k/a "Johnny T," and Jesse Malin are owners of Manhattan businesses and deny all other allegations contained in Paragraph 22 of the Complaint.

23.    Defendants admit that Niagara NYC is open seven days per week. Defendants denies all other allegations contained in Paragraph 23 of the Complaint.

24.    Defendants admit to the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants admit that Cabin Down Below is open Friday and Saturday. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.      Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

## DEFENDANT'S COMPENSATION POLICIES

37.     Defendants admit that tipped employees were paid $10 per hour until December 31, 2023. Defendants deny all other allegations contained in Paragraph 37 of the Complaint.

38.     Defendants admit that they utilized a tip credit and deny all other allegations contained in Paragraph 38 of the Complaint and respectfully refer all questions of law to the Court.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint and respectfully refer all questions of law to the Court.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint and respectfully refer all questions of law to the Court.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint and respectfully refer all questions of law to the Court.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants admit employees are required to attend staff meetings, and deny all other allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

11608153

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint and respectfully refer all questions of law to the Court.

63.     Defendants admit to requiring Plaintiffs to attend sexual harassment training. Defendants deny all other allegations contained in Paragraph 63 of the Complaint.

## WILLFUL VIOLATIONS

64.     The allegations contained in Paragraph 64 of the Complaint set forth legal conclusions to which no response is required. Defendants refer all questions of law to the Court.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint and refers all questions of law to the Court.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants admit the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants admit the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint and respectfully refer all questions of law to the Court.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint and respectfully refer all questions of law to the Court.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants admit to employing Plaintiff Wiley from June 10, 2021 to June 4, 2022. Defendants deny all other allegations contained in Paragraph 74 of the Complaint.

75.     Defendants admit the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants admit the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants admit to employing Plaintiff Melicia from June 24, 2022 to January 7, 2023.  Defendants deny all other allegations contained in Paragraph 92 of the complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint  and respectfully refer all questions of the law to the Court.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.    Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.    Defendants admit the allegations contained in Paragraph 98 of the Complaint.

99.    Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants admit to employing Plaintiff Powell from July 30, 2023 to December 21, 2024. Defendants deny all other allegations contained in Paragraph 107 of the Complaint.

108.    Defendants admit the allegations contained in Paragraph 108 of the Complaint.

109.    Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint and respectfully refer the Court to payroll records for the contents therein.

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.    Defendants admit to paying Plaintiff Powell $10.00 per hour until December 31, 2023. Defendants deny all other allegations contained in Paragraph 113 of the Complaint.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.    Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.    Defendants admit to employing Plaintiff Ross as a bartender from October 7, 2023 to August 24, 2023. Defendants deny all other allegations contained in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations in Paragraph 121 of the Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.    Defendants deny the allegations contained in Paragraph 124 of the Complaint and respectfully refer the Court to the payroll records for the contents therein.

125.    Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.    Defendants admit the allegations in Paragraph 126 of the complaint.

127.    Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.    Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.    Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.    Defendants admit to employing Plaintiff Fricke as a bartender from July 2, 2024 to January 28, 2025. Defendants deny all other allegations contained in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.    Defendants deny the allegations contained in Paragraph 136 of the Complaint and respectfully refer all questions of law to the Court.

137.    Defendants deny the allegations contained in Paragraph 137 of the Complaint and respectfully refer the Court to payroll records for the contents therein.

138.    Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139.    Defendants deny the allegations contained in Paragraph 139 of the Complaint and respectfully refer the Court to the payroll records for the contents therein.

140.    Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.    Defendants admit the allegations contained in Paragraph 142 of the Complaint.

143.    Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 144 of the Complaint.

145.    Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.    Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.    Defendants admit to employing Plaintiff Alexander as a bartender from October 1, 2023 to June 3, 2024. Defendants deny all other allegations contained in Paragraph 148 of the Complaint.

149.    Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.    Defendants deny the allegations contained in Paragraph 150 of the Complaint.

151.    Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152.    Defendants deny the allegations contained in Paragraph 152 of the Complaint and respectfully refers all questions of law to the Court.

153.    Defendants deny the allegations contained in Paragraph 153 of the Complaint and respectfully refer the Court to payroll records for the contents therein.

154.    Defendants deny the allegations contained in Paragraph 154 of the Complaint and respectfully refer the Court to the payroll records for the contents therein.

155.    Defendants admit to paying Plaintiff Alexander $10.00 per hour from September 24, 2023 to December 31, 2023. Defendants deny all other allegations contained in Paragraph 155 of the Complaint.

156.    Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161.    Defendants deny the allegations contained in Paragraph 161of the Complaint.

162.    Defendants deny the allegations contained in Paragraph 162 of the Complaint.

11608153

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

163.    Defendants repeat and re-allege each and every response to the Complaint in Paragraphs "1" through "162" above, as they fully set forth herein.

164.    Paragraph 164 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 164 of the Complaint and respectfully refer all questions of law to the Court.

165.    Paragraph 165 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 165 of the Complaint and respectfully refer all questions of law to the Court.

166.    Paragraph 166 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 166 of the Complaint and respectfully refer all questions of law to the Court.

167.    Paragraph 167 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 167 of the Complaint and respectfully refer all questions of law to the Court.

168.    Defendants deny each and every allegation contained in Paragraph 168 of the Complaint.

169.    Paragraph 169 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 169 of the Complaint and respectfully refer all questions of law to the Court.

170.    Paragraph 170 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 170 of the Complaint and respectfully refer all questions of law to the Court.

171.    Paragraph 171 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 171 of the Complaint and respectfully refer all questions of law to the Court.

172.    Paragraph 172 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 172 of the Complaint and respectfully refer all questions of law to the Court.

173.    Paragraph 173 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 173 of the Complaint and respectfully refer all questions of law to the Court.

174.    Paragraph 174 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 174 of the Complaint and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

175.    Defendants repeat and re-allege each and every response to the Complaint in Paragraphs "1" through "174" above, as they fully set forth herein.

176.    Paragraph 176 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 176 of the Complaint and respectfully refer all questions of law to the Court.

177.    Paragraph 177 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 177 of the Complaint and respectfully refer all questions of law to the Court.

11608153

178.    Paragraph 178 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 178 of the Complaint and respectfully refer all questions of law to the Court.

179.    Paragraph 179 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 179 of the Complaint and respectfully refer all questions of law to the Court.

180.    Paragraph 180 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 180 of the Complaint and respectfully refer all questions of law to the Court.

181.    Paragraph 181 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 181 of the Complaint and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

182.    Defendants repeat and re-allege each and every response to the Complaint in Paragraphs "1" through "181" above, as they fully set forth herein.

183.    Paragraph 183 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 183 of the Complaint and respectfully refer all questions of law to the Court.

184.    Paragraph 184 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 184 of the Complaint and respectfully refer all questions of law to the Court.

185.    Paragraph 185 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 185 of the Complaint and respectfully refer all questions of law to the Court.

186.    Paragraph 186 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 186 of the Complaint and respectfully refer all questions of law to the Court.

187.    Paragraph 187 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 187 of the Complaint and respectfully refer all questions of law to the Court.

188.    Paragraph 188 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 188 of the Complaint and respectfully refer all questions of law to the Court.

189.    Paragraph 189 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 189 of the Complaint and respectfully refer all questions of law to the Court.

190.    Defendant denies the allegations contained in Paragraph 190 of the Complaint.

191.    Paragraph 191 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 191 of the Complaint and respectfully refer all questions of law to the Court.

192.    Paragraph 192 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 192 of the Complaint and respectfully refer all questions of law to the Court.

11608153

193.    Paragraph 193 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 193 of the Complaint and respectfully refer all questions of law to the Court.

194.    Paragraph 194 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 194 of the Complaint and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

195.    Defendants repeat and re-allege each and every response to the Complaint in Paragraphs "1" through "194" above, as they fully set forth herein.

196.    Paragraph 196 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 196 of the Complaint and respectfully refer all questions of law to the Court.

197.    Paragraph 197 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 197 of the Complaint and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

198.    Defendants repeat and re-allege each and every response to the Complaint in Paragraphs "1" through "197" above, as they fully set forth herein.

199.    Paragraph 199 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 199 of the Complaint and respectfully refer all questions of law to the Court.

200.    Paragraph 200 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 200 of the Complaint and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

201.    Defendants repeat and re-allege each and every response to the Complaint in Paragraphs "1" through "200" above, as they fully set forth herein.

202.    Paragraph 202 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 202 of the Complaint and respectfully refer all questions of law to the Court.

203.    Paragraph 203 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 203 of the Complaint and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION

204.    Defendants repeat and re-allege each and every response to the Complaint in Paragraphs "1" through "203" above, as they fully set forth herein.

205.    Paragraph 205 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 205 of the Complaint and respectfully refer all questions of law to the Court.

206.    Paragraph 206 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 206 of the Complaint and respectfully refer all questions of law to the Court.

207.    Paragraph 207 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 207 of the Complaint and respectfully refer all questions of law to the Court.

208.    Paragraph 208 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 208 of the Complaint and respectfully refer all questions of law to the Court.

209.    Paragraph 209 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 209 of the Complaint and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION

210.    Defendants repeat and re-allege each and every response to the Complaint in Paragraphs "1" through "209" above, as they fully set forth herein.

211.    Paragraph 211 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 211 of the Complaint and respectfully refer all questions of law to the Court.

212.    Paragraph 212 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 212 of the Complaint and respectfully refer all questions of law to the Court.

## PRAYER FOR RELIEF

Defendants are not required to response to the Complaint Where Paragraphs as those Paragraphs are merely a characterization of the relief Plaintiff seeks. To the extent that the prayer for relief is deemed to contain allegations, Defendants deny each and every allegation and

specifically denies that Plaintiff is entitled to damages, costs, disbursements, attorneys' fees, interest, injunctive fees, and any other form of relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.      Plaintiffs fail to state any claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      At all times relevant to the acts alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, made in good faith, and without malice.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs failed to establish *prima facie* case of Unlawful Retention of Gratuities and Unlawful Wage Reductions under the FLSA because at no time did Defendants unlawfully retain a portion of Plaintiff's gratuities.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiffs failed to establish *prima facie* case of Unpaid Overtime because at no time did Defendants not pay Plaintiffs for overtime hours they had earned.

## FIFTH AFFIRMATIVE DEFENSE

5.      Defendants posted all notices issued by the New York State Department of Labor summarizing minimum wage provisions.

## SIXTH AFFIRMATIVE DEFENSE

11608153

6.      Plaintiffs failed to establish a *prima facie* case of Failure to Pay Minimum Wage because at all times Defendants paid Plaintiffs the statutory minimum wage.

## SEVENTH AFFIRMATIVE DEFENSE

7.   Plaintiffs did not spend more than 20% of their time doing non-tipped work.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs failed to establish a *prima facie* case of Failure to Compensate for Off-The-Clock Work because Defendants paid Plaintiffs for all hours worked.

## NINTH AFFIRMATIVE DEFENSE

9.   Plaintiffs failed to establish and *prima facie* case of Failure to Provide 195.1 Notice because Defendants supplied Plaintiffs with the required Notice and Acknowledgement of Pay Rate and Payday.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs failed to establish a *prima facie* case of Failure to Provide 195.3 Wage Statement because at all times, Defendants gave proper wage statements with the correct deductions listed.

## RESERVATION OF RIGHTS

Defendant reserves its right to amend its answer and to assert any additional separate affirmative and/or other defenses that may become available or apparent during the course of the investigation and/or discovery and/or any trial in this case.

11608153

**WHEREFORE,** Defendant respectfully requests that this Court find Plaintiff's allegations in the Complaint to be without merit, that the Complaint be dismissed in its entirety with prejudice and that judgment be entered in Defendant's favor and against Plaintiff, and that this Court award Defendant its costs, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: December 12, 2025
　　　New York, New York

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP
*Attorneys for Defendant*s

By: _____
　　Dianna D. McCarthy
　　875 Third Avenue, 5th Floor
　　New York, New York 10022
　　Telephone: 212.980.9600
　　Email: dmccarthy@kbrlaw.com

To:
Douglas B. Lipsky
Travis Pierre-Louis
*Attorneys for Plaintiffs*
420 Lexington Avenue, Suite 1830
New York, New York 10170
Telephone: 212.392.4772
Email:　doug@lipskylowe.com
　　　　travis@lipskylowe.com

11608153